UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| KHARII W. BRODIE, | ) | |
| | ) | |
|     Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 14-7099 |
| | ) | |
| BRENT JACKSON, | ) | |
| | ) | |
|     Appellee. | ) | |
| | ) | |

## APPELLEE'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL APPENDIX

COMES NOW Appellee Brent Jackson (hereinafter "Jackson"), by counsel and pursuant to Local Rule 30 (e) and moves this honorable court for leave to file a Supplemental Appendix and in support states as follows:

## STATEMENT OF THE CASE

Brodie files this appeal seeking review of the district court's dismissal of his 10 Count Amended Complaint alleging malpractice by one of his former criminal defense attorneys, Jackson.

The first two Counts were dismissed <u>sua sponte</u> by the district court on November 9, 2012. The district court dismissed all remaining Counts pursuant to the doctrine of issue preclusion on July 23, 2013.

Brodie appealed to this Court and, on January 9, 2014, the case was remanded to the district court for further consideration of whether the claims set forth by Brodie in Counts 8 and 10 were barred in their entirety by the doctrine of issue preclusion. This Court's ruling did not disturb the district court's ruling on Counts 3 through 7 and 9.

On remand Jackson filed a Motion for Summary Judgment and on July 7, 2014 the district court issued its ruling sustaining Jackson's motion for summary judgment as to Counts 8 and 10 of the Amended Complaint for the reasons advanced by Jackson. The district court also affirmed its prior ruling that Counts 3 – 7 and 9 were barred by the doctrine of issue preclusion, specifically noting that this Court's January 8, 2014 ruling did not "disturb" that ruling and because this Court had already ruled that a motion for acquittal would have been futile given the "overwhelming" evidence against Brodie in his criminal case. <u>United States v. Brodie</u>, 524 F.3d 259, 273 (D.C. Cir. 2008). The district court did reverse its earlier ruling that Counts 8 and 10 of the Amended Complaint were also barred by the doctrine of issue preclusion.

On July 9, 2014 Brodie noted his appeal to this Court and subsequently filed an Appendix together with his opening brief. While Brodie's Appendix does contain a copy of his Amended Complaint, it does not contain any of the motions, memoranda or exhibits that prompted the various court rulings set forth above, nor

does it contain any of the district or circuit court rulings that Brodie now complains about.

## ARGUMENT

The issues raised by Brodie on appeal directly question and attack both the district court's initial ruling dismissing the remainder of his Amended Complaint, pursuant to the doctrine of issue preclusion, and subsequent decision affirming that ruling as to Counts 3 through 7 and 9, reversing that ruling as to Counts 8 and 10, but sustaining Jackson's Motion for Summary Judgment as to both of those Counts. Accordingly, it is respectfully submitted that, the motions, legal memoranda and supporting exhibits, not to mention the court's written rulings on those motions, are critical and necessary to this Court's review of those rulings. It is difficult to imagine how this Court could analyze the issues raised by Brodie without these documents.

Specifically, Jackson seeks leave to file a Supplemental Appendix containing the following:

1) The district court's memorandum opinion and order dismissing Counts 1 and 2 sua sponte.

2) Jackson's Motion for Judgment on the Pleadings, supporting memorandum and exhibits.

3) The district court's memorandum opinion sustaining Jackson's motion

for judgment on the pleadings.

    4) The Circuit Court's remand order.

    5) Jackson's motion for summary judgment, and memorandum of law and exhibits filed in support.

    6) The district court's Order granting summary judgment, reaffirming its earlier ruling with respect to Counts 3 through 7 and 9, and reversing its earlier ruling that Counts 8 and 10 were barred pursuant to the doctrine of issue preclusion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Jackson moves this honorable court for leave to file a Supplemental Appendix pursuant to Local Rule 30 (e) of this Court.

**BRENT JACKSON**

By: /s/ David D. Hudgins
      Counsel

David D. Hudgins (DC Bar No. 362451)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300 (telephone)
(703) 739-3700 (facsimile)
e-mailbox@hudginslawfirm.com
*Counsel for Brent Jackson*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing was sent via first class mail, postage prepaid this 12th day of December 2014 to:

Kharii W. Brodie
1801 Staley Manor Drive
Silver Spring, Maryland 20904

                                                         /s/ David D. Hudgins
                                                         Counsel